THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ALEXSAM, INC., § | |
| § | Case No. 2:11-CV-362 |
| Plaintiff, § | |
| § | The Honorable C. Everingham |
| v. § | |
| § | **COMPLAINT** |
| IDT CORP., § | |
| § | |
| Defendant. § | |

Plaintiff, Alexsam, Inc. ("Alexsam") complains against Defendant IDT Corp. ("IDT") as follows:

### NATURE OF ACTION

This is a patent infringement action for damages in the form of reasonable royalties as required by 35 U.S.C. §. 284. Royalties sought herein are post-judgment from a patent infringement trial in this court in Case No. 2:07-cv-420, in which the jury found that the asserted patents were valid and infringed by IDT, and awarded Alexsam reasonable royalty damages of Nine Million, Sixty-five Thousand, Four Hundred Seventy Six Dollars and Zero Cents ($9,065,476.00), based on infringing transactions through December 31, 2010. The damages verdict was subsequently reduced by the Court (subject to appeal) via a judgment entered in the amount of Eight Million Seven Hundred Twelve Thousand Two Hundred and Ninety-three Dollars and Seventy-five Cents ($8,712,293.75); One Million Four Hundred Eighteen Thousand Three Hundred and Twelve Dollars and Forty Cents ($1,418,312.40) in prejudgment interest; and as yet undetermined costs. The judgment bears interest at the lawful federal rate.

## THE PARTIES

1. Alexsam is a corporation organized and existing under the laws of the State of Texas. Alexsam is in the business of licensing its patented technology, has pursued several patent infringement actions against various other parties in this District.

2. IDT is a corporation organized and existing under the laws of the State of Delaware with a principal place of business in Newark, New Jersey. IDT is engaged in the business of providing prepaid phone cards and gift cards and is doing business in this judicial district, in Texas and elsewhere in the United States. IDT was found liable for patent infringement and judgment was entered against IDT in the civil action captioned, *Alexsam, Inc. v. IDT Corp.*, bearing Case No. 2:07-cv-420, which remains pending in this Court as of the date hereof.

## JURISDICTION AND VENUE

3. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 1367 (as ancillary to the claims in Case No. 2:07-cv-420) and 2201-2202.

4. IDT is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business conducted in this forum, including (i) having solicited business in the State of Texas, transacted business within the State of Texas and attempted to derive financial benefit from residents of the State of Texas, including benefits directly related to the instant causes of action set forth herein; (ii) having placed its products and services into the stream of commerce throughout the United States and having actively engaged in transacting business in Texas and in this District; (iii)

either alone or in conjunction with others, having committed acts of infringement within this District and (iv) as ancillary to the jurisdiction of the Court in Case No. 2:07-cv-420.

5. Venue lies in this District pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b) because IDT is subject to personal jurisdiction in this District, resides in, has regularly conducted business in this District and/or has committed acts of patent infringement in this District.

## CLAIMS FOR RELIEF

6. Alexsam hereby repeats and re-alleges the allegations contained in paragraphs 1 to 5, as if fully set forth herein.

7. On December 14, 1999, U.S. Patent No. 6,000,608 ("the '608 patent"), entitled "Multifunction Card System," a copy of which is attached hereto as Exhibit A, was duly and legally issued to the inventor, Robert E. Dorf. Mr. Dorf has assigned all right, title and interest in the '608 patent to Alexsam, including the right to sue for and recover all past, present and future damages for infringement of the '608 patent.

8. On February 20, 2001, U.S. Patent No. 6,189,787 ("the '787 patent"), entitled "Multifunctional Card System," a copy of which is attached hereto as Exhibit B, was duly and legally issued to the inventor, Robert E. Dorf. Mr. Dorf has assigned all right, title and interest in the '787 patent to Alexsam, including the right to sue for and recover all past, present and future damages for infringement of the '787 patent.

9. Based on a Complaint filed by Alexsam in this Court on September 21, 2007 (Case No. 2:07-cv-420), a patent infringement trial was held by this Court, which concluded on February 15, 2011 with a jury verdict. (Dkt. No. 306.[1])

---

[1] All docket number references herein are to the original infringement action between the parties, No. 07-cv-420.

3

10. The jury concluded that the asserted claims in the '608 patent were infringed by IDT's systems for its prepaid calling cards, prepaid wireless top-up cards, and Gift2Go gift cards. (*Id.* at 2.)

11. The jury concluded that the asserted claims in the '608 patent were infringed by IDT's systems for its prepaid calling cards and prepaid wireless top-up cards. (*Id.* at 3.)

12. The Court held that the asserted claims in the '787 and '608 patents were infringed by IDT's systems for its Blackhawk, InComm, PaySpot and Sears cards. (Dkt. No. 364.)

13. The jury concluded that the asserted claims in the '608 and '787 patents were not invalid as anticipated, obvious, or for failure to name the proper inventor. (Dkt. No. 306 at 4-6.)

14. Because of IDT's infringement of the '608 and '787 patents, the jury awarded Alexsam a reasonable royalty of $9,065,476.00. (Dkt. No. 306 at 7.)

15. The Court, having previously denied IDT's motion for summary judgment based on an alleged partial license, and having excluded Alexsam's evidence on that issue, subsequently granted (subject to appeal) one of IDT's motions for judgment as a matter of law on the same issue and reduced the award to $8,712,293.75. (Dkt. Nos. 366, 370.) In reducing the award, the Court used a royalty rate of $0.75 per phone card transaction and $0.50 per gift card transaction. (Dkt. No. 366 at 3.)

16. The damages awarded by the jury were based on IDT's transactional data as to its infringing card systems from January 1, 2005 through December 2010.

17. The jury verdict was entered as Final Judgment on August 18, 2011. (Dkt. No. 370.)

18. As part of the Final Judgment, the Court awarded Alexsam $1,418,312.40 in prejudgment interest and as-yet undetermined costs. (*Id.*)

19. The Final Judgment bears interest at the lawful federal rate. (*Id.* at 2.)

20. The Court ordered Alexsam to file this Complaint regarding future royalties under this case number within 14 days of entry of its Order regarding Alexsam's motion to sever and for entry of final judgment (August 18, 2011). (Dkt. No. 367.)

21. This Complaint is filed pursuant to the Court's Order.

22. The Court has required IDT to "file quarterly reports of sales volumes of the products, methods and systems found to be infringing at trial." (*Id.*)

23. Since December 31, 2010 and, upon information and belief, since February 15, 2011, after the jury's verdict and, upon information and belief, since August 18, 2011, after the entry of Final Judgment, IDT has continued and, upon information and belief, will continue to make, use, sell, offer for sale, and/or import into the United States the products, methods and/or systems found to be infringing at trial.

24. IDT had actual notice of the jury verdict on February 15, 2011 and of the Final Judgment on August 18, 2011. IDT's on-going conduct is with full knowledge of the jury verdict and Final Judgment.

25. IDT's on-going conduct infringes the '608 patent. By reason of the doctrine of *res judicata*, IDT is bound by the jury verdict and Final Judgment from further litigating any issues relating to the infringement or validity of the '608 patent, including without limitation the matters alleged in paragraphs 1-19 above.

26. IDT's on-going conduct infringes the '787 patent. IDT is bound by the jury verdict and Final Judgment from further litigating any issues relating to the infringement or

validity of the '787 patent, including without limitation the matters alleged in paragraphs 1-19 above.

27. IDT's ongoing infringement of the '608 and '787 patents with actual knowledge of the jury verdict and this Court's Final Judgment is a calculated and deliberate decision by IDT.

28. Any manufacture, use, sell, offer for sale, and/or importation into the United States of the products, methods and systems found to be infringing at trial after the February 15, 2011 jury verdict constitutes willful infringement of the '608 and '787 patents by IDT.

### PRAYER FOR RELIEF

WHEREFORE, Alexsam prays for:

A. An accounting as to IDT's infringing transactions after December 31, 2010;

B. Judgment declaring and finding that IDT's manufacture, use, sale, offer for sale, and/or importation into the United States of the products, methods and/or systems found to be infringing at trial, as well as all colorable imitations thereof, constitute an ongoing infringement of the '608 and '787 patents under 35 U.S.C. § 271;

C. Judgment that each instance of IDT's infringement of the '608 and '787 patents not adjudicated and incorporated into the Court's Final Judgment of August 18, 2011 is willful;

D. Judgment awarding reasonable royalty damages arising out of IDT's acts of infringement since December 31, 2010, at a rate not less than that used by the Court to reduce the jury verdict, $0.75 per phone card transaction and $0.50 per gift card transaction, together with pre-judgment interest thereon to the date of entry of judgment;

      E.      Judgment that the damages so adjudged be trebled in accordance with 35 U.S.C. § 284;

      F.      A mandatory injunction requiring that IDT make reports commencing immediately for the period January 1, 2011 to the present, and hereafter on a monthly basis no later than the 15th day of the each month, accounting for all sales and uses of the infringing products, methods and/or systems, such reports to continue for the term of the '608 and '787 patents;

      G.      A mandatory injunction requiring that IDT make monthly payment of royalties following the entry of judgment herein, at a rate not less than the rate awarded pursuant to Paragraphs D and E hereof, no later than the 15th day of each month, covering all sales and uses of the infringing products, methods and/or systems in the preceding month, such royalties to continue for the term of the '608 and '787 patents;

      H.      Judgment finding this case exceptional, and awarding Alexsam's reasonable attorneys' fees, costs and expenses incurred in this action in accordance with 35 U.S.C. § 285; and

      I.      Such other and further relief as the Court may deem just and proper.

Date:   September 1, 2011 /s/ Timothy P. Maloney
Timothy P. Maloney (IL 6216483)
tpmalo@fitcheven.com
Alison Aubry Richards (IL 6285669)
arichards@fitcheven.com
Nicole L. Little (IL 6297047)
nlittle@fitcheven.com
David A. Gosse (IL 6299892)
dgosse@fitcheven.com
FITCH EVEN TABIN & FLANNERY
120 South LaSalle Street, Suite 1600
Chicago, Illinois 60603
Telephone: (312) 577-7000
Facsimile: (312) 577-7007

Steven C. Schroer (IL 6250991)
scschr@fitcheven.com
FITCH EVEN TABIN & FLANNERY
1942 Broadway, Suite 213
Boulder, Colorado 80302
Telephone: (303) 402-6966
Facsimile: (303) 402-6970

Melissa Richards Smith
Texas State Bar No. 24001351
Melissa@gillamsmithlaw.com
GILLAM & SMITH, L.L.P.
303 South Washington Avenue
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

The undersigned certifies that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 1st day of September, 2011.  The following are also being served with a copy of this document via email:

| | |
|---|---|
| Thad Heartfield | Glen E. Summers |
| thad@jth-law.com | glen.summers@bartlit-beck.com |
| M. Dru Montgomery | Daniel R. Brody |
| dru@jth-law.com | dan.brody@bartlit-beck.com |
| The Heartfield Law Firm | Bartlit Beck Herman Palenchar & Scott |
| 2195 Dowlen Road | 1899 Wynkoop Street, 8th Floor |
| Beaumont, Texas 77706 | Denver, Colorado 80202 |
| 409/866-3318 | 303/619-6575 |
| 409/866-5789 (fax) | 303/592-3140 (fax) |

Vandana Koelsch
vandana.koelsch@idt.net
IDT Corporation
550 Broad Street
Newark, New Jersey 07102
202/480-5075

>  /s/Timothy P. Maloney
>  Timothy P. Maloney
>  *Attorney for Plaintiff, Alexsam, Inc.*