IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ALEXSAM, INC., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | Case No. 2:11-CV-362 |
| v. | § | |
| | § | The Honorable C. Everingham |
| IDT CORPORATION, | § | |
| | § | **JURY TRIAL DEMANDED** |
| *Defendant.* | § | |

### IDT'S ANSWER TO ALEXSAM'S COMPLAINT AND COUNTERCLAIM FOR DECLARATORY JUDGMENT

Defendant IDT Corporation ("IDT") hereby responds as follows to the September 1, 2011 Complaint of Plaintiff Alexsam, Inc. ("Alexsam").

### NATURE OF ACTION

IDT admits that Alexsam alleges that the present action is a patent infringement action for damages in the form of reasonable royalties, and that the royalties it seeks are post-judgment from a patent infringement trial in this court in Case No. 2:07-cv-420.  IDT denies that Alexsam possesses any cognizable claim for additional relief beyond that already awarded. Moreover, IDT has post-trial motions pending in connection with Case No. 2:07-cv-420, and intends to file an appeal.  IDT denies that the jury found that the asserted patents were valid and infringed by IDT.

### THE PARTIES

1.     IDT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 and therefore denies them.

1

2. IDT admits that it is a Delaware corporation and that it maintains a principal place of business in Newark, New Jersey. IDT denies the remaining allegations of paragraph 2.

## JURISDICTION AND VENUE

3. IDT admits that the Complaint purports to bring an action for patent infringement arising under the Patent Laws of the United States, but denies that Alexsam has any viable claim thereunder. IDT admits that this Court has subject matter jurisdiction over Alexsam's claims.

4. Denied.

5. Denied.

## CLAIMS FOR RELIEF

6. IDT hereby repeats its responses contained in paragraphs 1 to 5, as if fully set forth herein.

7. IDT admits that on December 14, 1999, U.S. Patent No. 6,000,608 ("the '608 patent"), entitled "Multifunction Card System," was issued to Robert E. Dorf and that a copy of the '608 patent is attached to the Complaint. IDT denies that the '608 patent was duly and legally issued. IDT denies the remaining allegations of paragraph 7.

8. IDT admits that on February 20, 2001, U.S. Patent No. 6,189,787 ("the '787 patent"), entitled "Multifunctional Card System," was issued to Robert E. Dorf and that a copy of the '787 patent is attached to the Complaint. IDT denies that the '787 patent was duly and legally issued. IDT denies the remaining allegations of paragraph 7.

9. Admitted.

10. Denied.

11. Denied.

12. Denied. The Court's ruling referenced in paragraph 12 was in the nature of a discovery sanction rather than a substantive finding of fact or conclusion of law, and it has no *res judicata* or collateral estoppel effect.

13. IDT admits that the jury found that IDT did not prove that the claims were invalid. This determination remains subject to post-trial motions and appeal.

14. IDT denies the allegations contained in paragraph 14, as the jury's damage award was based, at least in part, on sanctions imposed by the Court.

15. IDT admits that the Court granted IDT's JMOL of noninfringement based on a license granted by Alexsam to MasterCard. (Case No. 2:07-cv-420, Dkt. No. 366.) IDT admits that, as a result, the Court reduced the jury's damage award to $8,712,293.75, and that, in reducing the award, the Court used a royalty rate of $0.75 per phone card transaction and $0.50 per gift card transaction. IDT denies the remaining allegations of paragraph 15.

16. Denied.

17. IDT admits the allegations contained in paragraph 17, except to the extent the jury's verdict was reformed or modified by the Court.

18. IDT admits the allegations contained in paragraph 18, except that the parties have jointly stipulated as to costs. (Case No. 2:07-cv-420, Dkt. No. 372.)

19. Admitted.

20. Admitted.

21. IDT is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, denies them.

22. Admitted.

23. Denied.

24.     Admitted. IDT further states that it is unclear from the jury's verdict what, if any, activation systems were found to infringe the relevant claims of the Alexsam patents, as the verdict form improperly failed to require the jury to determine infringement based on activation system. IDT further states that one of the three activation systems at issue at trial has subsequently been found not to infringe as a matter of law. Furthermore, IDT states that it remains convinced that the jury's verdict was improperly influenced by the Court's sanction, that its activation systems do not infringe Alexsam's patents, and that it will be vindicated on these issues in further proceedings in this Court or, if necessary, on appeal.

25.     Denied.

26.     Denied.

27.     Denied.

28.     Denied.

### RESPONSE TO ALEXSAM'S PRAYER FOR RELIEF

IDT denies that Alexsam is entitled to any of the relief sought in its Prayer for Relief.

### AFFIRMATIVE DEFENSES

Without altering the burden of proof, IDT asserts the following defenses. IDT reserves the right to assert all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the patent laws of the United States and any other defense, at law or in equity, that may now exist or in the future be available based upon discovery and further investigation in this case.

1.      Because it has post-trial motions pending in connection with Case No. 2:07-cv-420, and because it intends to file an appeal, if necessary, IDT incorporates the affirmative defenses

articulated in its November 14, 2007 answer to Alexsam's originally filed complaint in that case.

2. The doctrine of *res judicata* (claim preclusion) bars Alexsam from seeking any additional relief from IDT beyond that already awarded in connection with Case No. 2:07-cv-420.

3. In the event that any of IDT's motions for judgment as a matter of law in connection with Case No. 2:07-cv-420 is granted, or if the final judgment is reversed on appeal, the doctrine of collateral estoppel (issue preclusion) and *res judicata* (claim preclusion) will bar all of Alexsam's claims in this case.

4. The Complaint fails to state a claim upon which relief may be granted.

5. IDT does not infringe any claim of the '608 or '787 patents.

6. One or more claims of the '608 and '787 patents are invalid for failure to meet the conditions of patentability of 35 U.S.C. § 102.

7. One or more claims of the '608 and '787 patents are invalid for failure to meet the conditions of patentability of 35 U.S.C. § 103.

8. One or more claims of the '608 and 787 patents are invalid for failure to comply with 35 U.S.C. § 112.

9. Alexsam's claims are barred in whole or in part under the doctrine of unclean hands.

10. Alexsam's claims are barred in whole or in part under the doctrines of waiver, laches, equitable estoppel and/or implied license.

11. Alexsam's claims are barred under the principles of file wrapper estoppel and/or prosecution history estoppel.

12. Alexsam's claims are barred because it is not the actual owner of the '608 or '787 patent.

13. Alexsam's claims are barred by the doctrine of patent exhaustion.

14. IDT enjoys an actual or implied license to practice the '608 and '787 patents.

15. The '608 and '787 patents are invalid and unenforceable for failure to comply with 35 U.S.C. §§ 111 and 116.

## COUNTERCLAIM FOR DECLARATORY JUDGMENT

In further response to Alexsam's Complaint, IDT asserts the following counterclaim against Alexsam:

## PARTIES

1. Counterclaim plaintiff IDT is a corporation organized under the laws of the State of Delaware, having its principal place of business in Newark, New Jersey.

2. On information and belief, Counterclaim defendant Alexsam is a corporation incorporated under the laws of the State of Texas.

## JURISDICTION AND VENUE

3. This is an action for patent infringement under 35 U.S.C. § 271.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

4. The Court has personal jurisdiction over Alexsam by virtue of its incorporation in Texas and by virtue of the fact that it has purposefully availed itself of this Court.

5. Venue in this district is proper under 28 U.S.C. §§ 1391(b) and (c), and 1400(b).

## GENERAL ALLEGATIONS

6. IDT is in the business of distributing a variety of card products, including phone cards and gift cards.

7. Alexsam has accused IDT of infringing the -608 patent and -787 patent.

8. The United States Patent and Trademark Office is in the process of reexamining the -608 patent and -787 patent. It has found, based on prior art not considered during the initial examination of the patents, that substantial new questions of patentability exist as to all of the claims of the -608 and -787 patents that Alexsam has asserted against IDT.

## FIRST COUNTERCLAIM

### (Declaratory Judgment)

9. IDT hereby incorporates by reference the allegations of Paragraphs 1 through 8 above.

10. Alexsam has brought the present suit against IDT alleging infringement of the -608 and -787 patents, of which Alexsam claims ownership by assignment.

11. An actual controversy exists between IDT and Alexsam as to whether the claims of the -608 and -787 patents are valid, enforceable and infringed by IDT.

12. As a result of this actual controversy, this Court has jurisdiction over IDT's counterclaim for declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

13. IDT's card activation systems and card products do not infringe any of the claims of the -608 or -787 patent.

14. The claims of the -608 and -787 patents are invalid for failure to comply with the requirements of 35 U.S.C. §§ 102, 103 and 112.

15. The -608 and -787 patents were not properly assigned to Alexsam.

16. The -608 and -787 patents are unenforceable under the equitable doctrines of unclean hands, laches, equitable estoppel, promissory estoppel and/or implied license.

17.    The '608 and '787 patents are not infringed because IDT has a license to practice the patents. Among others, IDT is a sublicensee under a license granted to InComm and a license granted to MasterCard.

18.    The '608 and '787 patents are invalid and unenforceable for failure to comply with 35 U.S.C. §§ 111 and 116.

## IDT'S PRAYER FOR RELIEF

WHEREFORE, IDT prays that this Court:

A.    Dismiss Alexsam's Complaint against IDT with prejudice and enter judgment that Alexsam take nothing.

B.    Adjudge and decree that IDT does not infringe any properly construed, valid, and enforceable claim of the '608 patent or '787 patent;

C.    Adjudge and decree that the claims of the '608 patent and '787 patent are invalid.

D.    Adjudge and decree that the '608 patent and '787 patent are unenforceable.

E.    Adjudge and decree that the '608 and '787 patents have not been properly assigned to Alexsam.

F.    Adjudge and decree that IDT has an actual or implied license to practice the '608 and '787 patents.

G.    Adjudge and decree that this is an exceptional case pursuant to 35 U.S.C. § 285, and that IDT is entitled to its costs of this action, including attorney fees, and such other and further relief as the Court may deem just and proper.

H.       Award IDT such other and further relief to which it is entitled, in law or equity, as this Court deems just and proper.

Dated:  September 22, 2011                    Respectfully submitted,


By:    */s/M. Dru Montgomery*
M. Dru Montgomery
Texas Bar No. 24010800
J. Thad Heartfield
Texas Bar No. 09346800
THE HEARTFIELD LAW FIRM
2195 Dowlen Road
Beaumont, Texas 77706
Telephone:  (409) 866-3318
Facsimile:   (409) 866-5789
dru@jth-law.com
thad@jth-law.com

Glen E. Summers (*pro hac vice* application to be submitted forthwith)
Sean C. Grimsley (*pro hac vice* application to be submitted forthwith)
Daniel R. Brody (*pro hac vice* application to be submitted forthwith)
BARTLIT BECK HERMAN PALENCHAR
   & SCOTT LLP
1899 Wynkoop Street, 8th Floor
Denver, Colorado 80202
Telephone: (303) 592-3100
Facsimile:  (303) 592-3140
glen.summers@bartlit-beck.com
sean.grimsley@bartlit-beck.com
dan.brody@bartlit-beck.com

***Attorneys for Defendant IDT Corporation***

## CERTIFICATE OF SERVICE

      The undersigned certifies that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 22nd day of September, 2011. Any other counsel of record will be served by first class mail.

                                                      */s/M. Dru Montgomery*
                                                      M. Dru Montgomery