THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ALEXSAM, INC., § | |
| § | Case No. 2:11-CV-362-DF |
| Plaintiff, § | |
| § | The Honorable David Folsom |
| v. § | |
| § | |
| IDT CORP., § | |
| § | |
| Defendant. § | |

## Plaintiff Alexsam, Inc.'s Motion To Dismiss IDT Corp.'s Counterclaims

IDT's counterclaims are just the latest in a long line of delay tactics and procedural game-playing clearly intended to drag out the parties' underlying dispute even longer. IDT already had its day in court and lost on the defenses and affirmative claims it now purports to plead again. After the jury verdict in the prior civil action, the Court severed Alexsam's request for post-verdict royalties (in lieu of an injunction) into this new cause of action, and this cause of action is limited to the determination of post-verdict royalties, in substance an accounting. *See Alexsam, Inc. v. IDT Corp.*, No. 07-cv-420, Dkt. No. 367 (E.D. Tex. Aug. 18, 2011).

IDT cannot raise the same counterclaims and defenses again here. IDT is barred by both issue and claim preclusion from asserting the counterclaims and affirmative defenses it asserts against Alexsam in this new case. As such, Alexsam respectfully requests that this Court dismiss its counterclaims pursuant to Federal Rule of Civil Procedure 12(b)(6) and strike its affirmative defenses pursuant to Federal Rule of Civil Procedure 12(f). Because only Alexsam's request for post-verdict royalties will then remain, which is an issue for the Court, IDT's jury demand should also be stricken.

I.   **Factual and Procedural Background**

This case was severed from the underlying case of *Alexsam, Inc. v. IDT Corp.*, No. 07-cv-420 (E.D. Tex.) (hereinafter, "*IDT I*") after a jury verdict was returned in favor of Alexsam and final judgment entered by this Court.

In the underlying case, Alexsam accused IDT of infringement of U.S. Patent Nos. 6,000,608 and 6,189,787 ("the '608 and '787 patents" or "the patents-in-suit"). (*IDT I*, Dkt. No. 1.) In its Answer filed November 14, 2007, IDT asserted counterclaims for declaratory judgment of non-infringement and invalidity of the '608 and '787 patents for failure to comply with 35 U.S.C. §§ 101, 102, 103 and 112. (*IDT I*, Dkt. No. 14 at 6.) IDT also asserted affirmative defenses of: (1) no direct infringement; (2) no contributory infringement; (3) no induced infringement; (4) file wrapper estoppel; (5) patent invalidity for failure to comply with 35 U.S.C. §§ 101, 102, 103 and 112; (6) failure to state a claim; (7) no willful infringement; (8) waiver, laches and estoppel; (9) patent exhaustion; (10) license; and (11) damages limitation under § 287. (*Id.* at 3-5.) During discovery and up through the submission of the final pretrial order to the Court, IDT also asserted that Alexsam was not the "rightful owner" of the patents-in-suit. (*See, e.g.*, *IDT I*, Dkt. No. 272 at 2.)

After a full jury trial on the merits, the jury returned a verdict finding that IDT infringed the asserted claims of the patents-in-suit, and that IDT had failed to meet its burden to show invalidity of the asserted claims based upon anticipation or obviousness. (*IDT I*, Dkt. No. 306.) The jury also held that the patent was not invalid for failure to name the proper inventor. (*Id.*) The Court thereafter granted one of IDT's numerous post-verdict motions, holding, with respect to one small part of Alexsam's claims, that IDT holds an implied sublicense under Alexsam's license with MasterCard for its phone and gift card transactions over the SafeNet system. (*IDT I*,

Dkt. No. 366 at 2.) The Court also granted Alexsam's motion to sever its request for post-verdict royalties into a new case, ordering that Alexsam file a new Complaint under this case number. (*IDT I*, Dkt. No. 367.) Final judgment was entered by the Court on August 18, 2011. (Dkt. No. 370.)

As directed, Alexsam filed its Complaint in this case (hereinafter, "*IDT II*") on September 1, 2011. (*IDT II*, Dkt. No. 2.) On September 22, 2011, IDT filed its Answer, which also contained a counterclaim for declaratory judgment that seeks to re-litigate all of its defenses asserted in *IDT I*. IDT again alleges non-infringement, that the patents-in-suit are invalid under 35 U.S.C. §§ 102, 103 and 112, that the patents were not properly assigned to Alexsam, and that the patents are unenforceable due to unclean hands, laches, equitable estoppel, promissory estoppel and/or implied license. (*IDT II*, Dkt. No. 5 at 7-8.) IDT's Answer purported to incorporate by reference all of its affirmative defenses from *IDT I* in addition to asserting claim preclusion and issue preclusion limiting Alexsam's relief; non-infringement; invalidity for failure to comply with 35 U.S.C. §§ 102, 103 and 112; unclean hands; waiver, equitable estoppel and/or implied license; file wrapper estoppel and/or prosecution history estoppel; improper ownership; patent exhaustion; actual or implied license; and patent invalidity and unenforceability for failure to comply with 35 U.S.C. §§ 111 and 116. (*Id.* at 4-6.)

## II.    Applicable Legal Standards

Federal Rule of Civil Procedure 12(b)(6) provides that a party may move the court to dismiss an action for "failure to state a claim upon which relief can be granted." When considering Alexsam's 12(b)(6) motion, the Court must decide whether the facts alleged, if true, would entitle IDT to some legal remedy. *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). "Normally, in deciding a motion to dismiss for failure to state a claim, courts must limit their

inquiry to facts stated in the complaint and the documents either attached to or incorporated in the complaint." *Lovelace v. Software Spectrum, Inc.,* 78 F.3d 1015, 1017 (5th Cir.1996). But the court also may "consider matters of which [it] may take judicial notice." *Lovelace,* 78 F.3d at 1017-18; Fed.R.Evid. 201(f). However, matters of public record, items appearing in the record of the case, and exhibits attached to the complaint also may be considered. *Meador v. Oryx Energy Co.*, 87 F. Supp. 2d 658, 663 (E.D. Tex. 2000) (citing 5A Wright & Miller, Federal Practice & Procedure § 1357 (1990)).

Rule 12(f) empowers the court to strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Defenses may be stricken when the defense is insufficient as a matter of law." *FTC v. Think All Pub. LLC*, 564 F. Supp. 2d 663, 665 (E.D. Tex. 2008).

The determination of an on-going royalty is viewed as arising pursuant to 35 U.S.C. § 283, which speaks in terms of equitable remedies. *Paice LLC v. Toyota Motor Corp.*, 504 F.3d 1293, 1314-15 (Fed. Cir. 2007).

The doctrines of claim and issue preclusion serve to prevent redundant litigation. *Kaspar Wire Works, Inc. v. Leco Eng'g & Mach., Inc.*, 575 F.2d at 535-36 (5th Cir. 1978). Claim preclusion (also commonly referred to as *res judicata*) bars a suit based on the same claim or cause of action as a prior suit. *Meador*, 87 F. Supp. 2d at 663 (citing *In Re Southmark Corp.,* 163 F.3d 925, 934 (5th Cir.1999)). Issue preclusion, on the other hand, can be applied to bar the litigation of issues that have been decided in a prior suit based on a different cause of action, or when the cause of action is the same in both suits. *Id.* (citing 18 Wright & Miller, Federal Practice & Procedure § 4418 (1981)). Thus, both doctrines may apply to one suit where the subject matter is the same as that in a prior action. *Id.* Claim preclusion is broader than issue

preclusion and will bar "all claims that were or *could have been* advanced in support of the cause of action on the occasion of its former adjudication . . . not merely those that were adjudicated." *Nilsen v. City of Moss Point, Miss.,* 701 F.2d 556, 560 (5th Cir.1983) (emphasis in original).

Claim preclusion requires four elements: (1) the same claim or cause of action must be involved in both actions; (2) the judgment in the prior action must have been rendered by a court of competent jurisdiction; (3) the prior action must have resulted in a final judgment on the merits (or, at least, there must have been an opportunity to get to the merits); and (4) the parties in both actions must be identical or in privity. *Id*. Issue preclusion has only three elements: (1) the issue at stake must be identical to the one involved in the prior action; (2) the issue must have been actually and fully litigated in the prior action; and (3) the determination of that issue must have been a part of the judgment in the prior action. *Id.* at 663-64.

### III. Claim And Issue Preclusion Mandate That IDT's Counterclaims Be Dismissed And IDT's Affirmative Defenses Be Stricken

Each of the elements of claim preclusion is satisfied here: First, the same claims or causes of action are involved here that were involved in *IDT I*. The following shows the counterclaims and affirmative defenses in *IDT I* as compared to the issues here in *IDT II*:

|   | *IDT I* | *IDT II* |
|---|---|---|
| 1 | Non-infringement | Non-infringement |
| 2 | Invalidity for failure to comply with 35 U.S.C. §§ 101, 102, 103 and 112 | Invalidity for failure to comply with 35 U.S.C. §§ 102, 103 and 112 |
| 3 | File wrapper estoppel | File wrapper estoppel/prosecution history estoppel |
| 4 | Waiver, laches, estoppel | Laches, equitable estoppel, promissory estoppel |
| 5 | Patent exhaustion | Patent exhaustion |
| 6 | License | License |
| 7 | Damage limitation under § 287 | |
| 8 | Alexsam not the rightful owner of the patents-in-suit | Alexsam not the rightful owner of the patents-in-suit |
| 9 | Improper inventorship | Invalid and unenforceable for failure to comply with 35 U.S.C. §§ 116 |

| 10 | | Unclean hands |
| 11 | | Invalid and unenforceable for failure to comply with 35 U.S.C. § 111 |

(*IDT I*, Dkt. No. 14 at 6; *IDT I*, Dkt. No. 272; *IDT II*, Dkt. No. 5 at 5-8.) As the chart above shows, each and every counterclaim or affirmative defense that IDT raises in its Answer here IDT has already raised and had a full opportunity to litigate in *IDT I*, with the sole exceptions of IDT's vague references to "unclean hands" and 35 U.S.C. § 111, which, to they extent they relate to inventorship or ownership, were also already litigated in *IDT I*.

Thus, at least Nos. 1-6 and 8-9 are identical issues that are involved in both actions and these counterclaims and affirmative defenses should be dismissed and stricken under the doctrine of claim preclusion. As for the remaining counterclaims and affirmative defenses that are "new" to *IDT II* (Nos. 10 and 11), these also must be dismissed and stricken as they are all claims that easily *could have* been brought in *IDT I*. That is, each arises out of the same transactions or series of transactions from which the original action arose. *Nilsen,* 701 F.2d at 560 (noting that when final judgment is rendered, "the claim extinguished includes all rights of the [counter-]plaintiff to remedies against the [counter-]defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose").

The remaining elements of claim preclusion are easily satisfied. Element two: the judgment in *IDT I* was rendered by a court of competent jurisdiction—this Court. Element three: *IDT I* resulted in a final judgment on the merits after a full jury trial. (*IDT I*, Dkt. No. 306.) Element four: the parties are identical—Alexsam, Inc. and IDT Corp.

Because each of IDT's counterclaims and affirmative defenses were brought or could have been brought in *IDT I*, the doctrine of claim preclusion bars IDT from relitigating them again here in *IDT II*.

6

In addition, IDT is barred from relitigating the issues of non-infringement, invalidity for failure to comply with 35 U.S.C. §§ 102, 103, license and improper assignment/ownership under the doctrine of issue preclusion. The analysis is similar. First, the issue at stake here is identical to each one involved in the prior action. Second, each of these issues has already been actually and fully litigated in *IDT I*. (*See IDT I*, Dkt. No. 306.) Finally, each of these issues was also part of the judgment in the prior action. (*See IDT I*, Dkt. No. 370.) Thus, these counterclaims and defenses should additionally be dismissed and stricken under the doctrine of issue preclusion.

IDT has included in its current counterclaims a claim of "license" under InComm, MasterCard and other unnamed licenses. (*IDT II*, Dkt. No. 5.) However, this is an improper counterclaim; rather, IDT's claim of license is an affirmative defense under Fed. R. Civ. P. 8(c)(1). *Intel Corp. v. U.S. ITC*, 946 F.2d 821, 828 (Fed. Cir. 1991). Because IDT did prevail in *IDT I* on the MasterCard issue and the Court accordingly reduced Alexsam's damages award to exclude those specific transactions (*IDT I*, Dkt. No. 366 at 2), Alexsam has no basis, nor any intention, to seek post-verdict royalties in *IDT II* regarding these damages at this time. (Alexsam does intend to appeal the ruling of the Court to the Federal Circuit and if successful, would then request post-verdict royalties on the same.)

That IDT has proclaimed its intention to appeal the decision of the district court does not change the finality of the decision or the applicability of claim and issue preclusion. If IDT does indeed appeal and is successful some time down the road in whole or in part, it may always seek leave of court to add any counterclaims or affirmative defenses that have become applicable at that point. However, any relief that IDT may receive from the Federal Circuit is pure speculation at this point and Alexsam should not be subjected to discovery regarding IDT's baseless

counterclaims and affirmative defenses or any other delay tactics it may come up with in the interim.

## IV. Alexsam's Claim For Post-Verdict Royalties Does Not Involve Any Rights Triable By Jury

Because IDT's counterclaims must be dismissed, the only remaining claim in the case is Alexsam's claim for post-verdict royalties. However, the determination of an on-going royalty arises pursuant to § 283, which speaks in terms of equitable remedies. *Paice*, 504 F.3d at 1314-15. As such, there are no other rights at issue that are triable by jury and IDT's jury demand must be stricken.

## V. Conclusion

In light of the above, Alexsam respectfully requests that this Court dismiss all of IDT's Counterclaims pursuant to Rule 12(b)(6). Alexsam further requests that the Court strike IDT's affirmative defenses and its jury demand.

Respectfully submitted,

Date: October 17, 2011

/s/Nicole L. Little
Timothy P. Maloney (IL 6216483)
tpmalo@fitcheven.com
Alison Aubry Richards (IL 6285669)
arichards@fitcheven.com
Nicole L. Little (IL 6297047)
nlittle@fitcheven.com
David A. Gosse (IL 6299892)
dgosse@fitcheven.com
FITCH EVEN TABIN & FLANNERY
120 South LaSalle Street, Suite 1600
Chicago, Illinois 60603
Telephone: (312) 577-7000
Facsimile: (312) 577-7007

Steven C. Schroer (IL 6250991)
scschr@fitcheven.com
FITCH EVEN TABIN & FLANNERY
1942 Broadway, Suite 213
Boulder, Colorado 80302
Telephone: (303) 402-6966
Facsimile: (303) 402-6970

Melissa Richards Smith
Texas State Bar No. 24001351
Melissa@gillamsmithlaw.com
GILLAM & SMITH, L.L.P.
303 South Washington Avenue
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

*Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 17th day of October, 2011.  Any other counsel of record will be served by first class mail

/s/ Nicole L. Little
*Attorney for Plaintiff, Alexsam, Inc.*
